CITY OF FRANKFORT *v*. GEO. C. WATSON.

[Abstract Kentucky Law Reporter, Vol. 2—388.]

**Special Damages by Maintenance of a Nuisance by City.**

> In a suit for damages by reason of the conduct of a city the plaintiff must aver special damages, and before there can be a recovery he must show that he has suffered damages; but where he has done this it devolves on the city to show that the thing complained of is a common nuisance, affecting all the citizens alike and therefore a public nuisance to be reached by indictment.

**Waiver of Ruling on Demurrer.**

> Where there is no order of the court overruling a demurrer, it must be considered that appellant waived it and the case be treated as if no demurrer had been filed.

APPEAL FROM FRANKLIN CIRCUIT COURT.

April 16, 1881.

OPINION BY JUDGE HINES:

The petition contains a substantial averment of special damages to appellee by reason of the conduct of the city. We concur with counsel for the appellant that before there can be a recovery against the city for·damages the party complaining must allege and show by proof that he has suffered damages; but when he has done this it devolves upon the city to make it appear that the thing complained of is a common nuisance, affecting all the citizens alike, and therefore to be reached by indictment. Appellee alleged the injury to himself, and it was not necessary to allege that the thing complained of did not affect every one else in the same way. There is no order of the court overruling the demurrer, and under the well known rule of practice it must be considered that appellant waived it, and the case must be treated as if it had not·been filed. There

being then no demurrer, all the formal defects in the petition, if any, which could not be reached by general demurrer, are waived by the answer of appellant, which is a plea to the merits.

As there was a substantial issue, and there is no bill of evidence, we must assume that the evidence heard was sufficient to authorize the verdict and judgment.

Judgment *affirmed*.

*Hugh Rodman, for appellant.*

*John L. Scott, for appellee.*